**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**

| | | |
|---|---|---|
| **BRITTANY R. WASHINGTON** | : | |
| **3016 East 13th Avenue** | : | **Case No.** |
| **Columbus, Ohio 43219** | : | |
| | : | **Judge** |
| **Plaintiff,** | : | |
| | : | **JURY DEMAND ENDORSED** |
| **v.** | : | **HEREON** |
| | : | |
| **OHIOHEALTH CORPORATION** | : | |
| **3430 OhioHealth Parkway** | : | |
| **Columbus, Ohio 43202** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**COMPLAINT**

Plaintiff Brittany Washington, by and through her undersigned counsel, herein files the following Complaint against Defendant OhioHealth Corporation ("OhioHealth").

**NATURE OF THE CLAIMS**

1. This is an employment discrimination action arising out of Ms. Washington's employment with Defendant OhioHealth.

2. Ms. Washington alleges that she was discharged from her employment as a Patient Support Assistant because of her disability and was retaliated against for engaging in protected activities.

3. Ms. Washington's claims arise under R.C. 4112, the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, and Ohio common law.

4. Ms. Washington seeks relief in the form of compensatory damages for her economic and noneconomic injuries proximately caused by the discriminatory and retaliatory actions on the part of Defendant. She also seeks punitive damages, attorney's fees and costs in

1

prosecuting this action and any other relief to which the Court deems just and proper.

## PARTIES

5. Plaintiff is a natural person residing in Franklin County, Ohio.

6. Defendant OhioHealth Corporation is an Ohio not-for-profit corporation with its principal place of business in Columbus, Ohio.

7. At all relevant times, OhioHealth employed 4 or more employees within the state of Ohio.

## JURISDICTION AND VENUE

8. This Court has jurisdiction in this matter because the amount in controversy is greater than $15,000.

9. Venue is proper in this Court because all of the acts and occurrences alleged herein took place in and around Franklin County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed a charge of discrimination with the Ohio Civil Rights Commission in December 2023 ("OCRC")

11. On or about October 24, 2024, the OCRC notified Plaintiff that it had issued her a Right to Sue letter. (Exhibit 1).

12. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff began her employment with Defendant on or about August 15, 2011.

14. During her employment, Plaintiff had certain medical conditions that qualified as disabilities under R.C. 4112.

15. Plaintiff was approved for and utilized FMLA leave due to her medical conditions.

2

Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Nov 22 10:24 AM-24CV009021

16.     In or around 2020, Renee Heighter became the CNA manager of the 8th floor where Plaintiff worked.

17.     After becoming Plaintiff's manager, Heighter engaged in a pattern of discriminatory and retaliatory conduct including:

    a.     Repeatedly challenging Plaintiff's FMLA usage;

    b.     Harassing Plaintiff regarding her medical conditions;

    c.     Demanding Plaintiff provide medical information while implying negative consequences for failing to do so;

    d.     Making false accusations against Plaintiff since 2021;

    e.     Treating other employees more favorably, including those with attendance issues.

18.     Plaintiff reported Heighter's discriminatory conduct to Human Resources and the hospital president multiple times.

19.     Despite HR instructing Heighter to cease her harassing behavior, the discrimination and retaliation continued.

20.     In October 2023, HR initiated an investigation into Heighter's conduct.

21.     On December 20, 2023, before the investigation was completed, Defendant terminated Plaintiff's employment based on false allegations by Heighter.

22.     Such conduct violates both R.C. 4112 and FMLA.

23.     Her termination was an adverse employment action and as a result of that termination, Ms. Washington suffered damages in an amount in excess of $25,000, the exact amount of which will be proven at trial.

3

## FIRST CAUSE OF ACTION
### Disability Discrimination in Violation of R.C. 4112.02

24.    Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

25.    Ms. Washington was an "employee" as that term is defined in R.C. 4112.

26.    OhioHealth was an "employer" as that term is defined in R.C. 4112.

27.    As noted previously, Ms. Washington is disabled.

28.    Because Ms. Washington is disabled, she is a member of a protected class under R.C. 4112.

29.    At the time she was discharged she was physically able to perform her duties and otherwise met the requirements of her job and laws pertaining to the relationship between employer and employee.

30.    Ms. Washington was subjected to the conduct alleged above, including her ultimate termination, due to her disability.

31.    Ms. Washington was subject to the above-described disability discrimination by OhioHealth and its agents at all times pertinent to these allegations.

32.    OhioHealth's and its agents' disability discrimination was sufficiently severe and pervasive to adversely affect the terms and conditions of Ms. Washington's employment.

33.    For its violations of R.C. 4112, Denison is liable to Dr. Shanahan for lost pay and benefits, compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial.

34.    Defendant's actions in discriminating against Plaintiff due to her disabilities and need for reasonable accommodations constitute unlawful discrimination under R.C. 4112.02.

## SECOND CAUSE OF ACTION
### FMLA Discrimination and Retaliation under 29 U.S.C. § 2615

35.   Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

36.   Plaintiff meets the definition of "eligible employee," pursuant to 29 U.S.C. § 2611(2).

37.   Defendants have at least 50 employees at, or within, a 75-mile radius of Plaintiff's worksite and otherwise meets the definition of "employer," under 29 U.S.C. § 2611(4).

38.   Plaintiff had a "serious health condition" under 29 U.S.C. § 2611(11).

39.   Defendant violated the FMLA by refusing her reasonable medical leave and discharging her from her employment in violation of FMLA.

40.   Defendant's actions in discriminating and retaliating against Plaintiff for exercising her FMLA rights constitute unlawful discrimination under 29 U.S.C. § 2615.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of R.C. 4112.02(I)

41.   Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

42.   Plaintiff's complaints to OSHS regarding the sexual harassment described herein are protected activity as that term is defined in R.C. 4112.

43.   Plaintiff suffered an adverse employment action, i.e., termination, as a direct and proximate result of participating in that protected activity.

44.   Defendant's actions in retaliating against Plaintiff for opposing discriminatory practices and participating in protected activity constitute unlawful retaliation under R.C. 4112.02(I).

45.   Defendant's retaliation caused Plaintiff to suffer damages in an amount greater than $25,000, to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Back pay and benefits;

B. Front pay and benefits;

C. Compensatory damages;

D. Punitive damages;

E. Attorney fees and costs;

F. Pre and post-judgment interest; and

G. Any other relief this Court deems just and equitable.

Respectfully submitted.

DEWITT LAW, LLC

*/s/ Michael W. DeWitt*
Michael W. DeWitt (0066896)
4200 Regent Street
Suite 200
Columbus, Ohio 43219
(614) 398-2886
(614) 750-1379 (facsimile)
mdewitt@dewittlawco.com
*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff demands that a jury decide all claims in this matter that are triable to a jury.

*/s/ Michael W. DeWitt*
Michael W. DeWitt (0066896)